IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| THEODORE THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:13CV117 |
| v. | § | |
| | § | |
| | § | |
| NACOGDOCHES POLICE DEPT. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Theodore Thomas filed suit *pro se* against Nacogdoches Police Department *et al*, alleging that Officer Tracy Mach arrested him for the offense of hit and run in March 2013. Plaintiff denies hitting another vehicle, and argues that he was wrongly arrested and imprisoned on the basis of a fraudulent claim made by the other party. Plaintiff also appears to claim that he was falsely arrested in February 2013 for assaulting his wife. Plaintiff alleges that his arrests was racially and gender motivated, because he is an African-American male.

The case was originally referred to United States Magistrate Judge Judith K. Guthrie for determination of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636. Civil Action 9:13-cv-116 is related, but not consolidated, with the instant case.[1] Upon Judge Guthrie's retirement in August 2013, the case was reassigned to United States Magistrate Judge Keith. F. Giblin.

---

[1] Essentially, 9:13-cv-117 seems to deal with claims arising from Plaintiff's arrest for assault in February 2013 and for leaving the scene of an accident in March 2013, while 9:13-cv-116 seems to deal with claims arising from Plaintiff's arrest for assault in December 2012. The objections, at least, are structured as if that is the case.

Judge Guthrie entered an order on June 24, 2013, stating that Plaintiff's Complaint failed to state a ground upon which relief could be granted and giving him 30 days to amend his Complaint or the case would be dismissed. Doc. # 8. After Plaintiff failed to do so, Judge Guthrie entered a Report and Recommendation on July 29, 2013, recommending that the case be dismissed without prejudice for failure to prosecute. Doc. # 10.

Plaintiff filed an objection on August 19, 2013. Doc. # 13. This document, despite Judge Guthrie's earlier order, is not styled as an Amended Complaint, but does purport to add additional facts that attempt to plead a claim upon which relief may be granted.

Unfortunately for Plaintiff, his objection fails to cure the problems Judge Guthrie discussed in her June 24 Order. Read generously, Plaintiff's objection states that he is asserting claims under 42 U.S.C. §§ 1981, 1983, and 1985 against the City of Nacogdoches, the Nacogdoches Police Department and/or its officers for malicious prosecution, false arrest, and failure to adequately investigate the February 2013 assault and March 2013 car accident. Part of his claim is that he was arrested and prosecuted because of his gender and his race.

However, as previously noted by Judge Guthrie, a plaintiff may not seek relief pursuant to 42 U.S.C. § 1983 concerning the circumstances surrounding an arrest or conviction which, if successful, would render an arrest, conviction or sentence invalid unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364 (1994). Plaintiff's objection still fails to allege any facts showing that his arrest, conviction and/or sentence has been reversed, expunged, invalidated or otherwise called into question.

With respect to Plaintiff's claims under Sections 1981 and 1985, Plaintiff's objection provides nothing to support the notion that he was arrested because he was African-American or male other than the fact of his arrest after complaints were made against him and his own speculation. Given that Plaintiff passed on the opportunity to amend his Complaint before Judge Guthrie's pleading deadline and still has not actually submitted an amended Complaint, the court is not inclined to allow Plaintiff another chance to properly plead a claim under Sections 1981 and 1985.

Given this, the court will overrule Plaintiff's objection to the Report and Recommendation and dismiss the case.

IT IS THEREFORE ORDERED that Plaintiff Theodore Thomas's claims against Nacogdoches Police Department *et al* are DISMISSED WITHOUT PREJUDICE.

So **ORDERED** and **SIGNED** this **26** day of **September, 2013.**

_____
Ron Clark, United States District Judge